**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Case No. 6:26-cv-1442-AGM-RMN

ANASTASIIA OLEKSANDRIVNA BARNES, and E.D.M, a minor, by and through her parent and next friend ANASTASIIA OLEKSANDRIVNA BARNES,

Plaintiffs,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, JOSEPH B. EDLOW, Director, U.S. Citizenship and Immigration Services; SARAH KENDALL, Acting Associate Director, Field Operations Directorate of the U.S. Citizenship and Immigration Services; DIRECTOR of the Orlando Field Office of the U.S. Citizenship and Immigration Services, and TODD BLANCHE, Acting Attorney General of the United States,

Defendants.

_________________________________________/

# FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF[1]

[1] This First Amended Complaint is filed pursuant to the Court's endorsed Order dated July 6, 2026, striking Plaintiffs' initial Complaint (Doc. 1) for failure to comply with Federal Rules of

**(DECLARATORY RELIEF REQUESTED;**
**PERMANENT INJUNCTIVE RELIEF REQUESTED)**

## INTRODUCTION

**1.** This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 701–706, and the Declaratory Judgment Act, 28 U.S.C. § 2201, to compel Defendants to perform their non-discretionary duty to adjudicate Plaintiffs' long-pending Forms I-130, Petition for Alien Relative, and Forms I-485, Application to Register Permanent Residence or Adjust Status. Plaintiffs do not ask this Court to direct the substance of Defendants' discretionary merits determinations. Plaintiffs ask only that Defendants perform the discrete legally required act of issuing decisions on properly filed applications.

**2.** Plaintiff Anastasiia Oleksandrivna Barnes is a Ukrainian national. She is the spouse of a U.S. citizen and the beneficiary of a pending Form I-130 immediate-relative petition. On October 10, 2023, Plaintiffs filed Forms I-485 for adjustment of status concurrently with the I-130 petitions filed by Mrs. Barnes's U.S. citizen husband, and applications for employment authorization (Form I-765) and advance parole (Form I-131). U.S. Citizenship and Immigration Services

---

Civil Procedure 8 and 10, and cures the pleading defect identified therein by ensuring that each count reincorporates only paragraphs 1 through 43 and does not reincorporate the allegations of any other count. See *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015).

("USCIS") accepted jurisdiction, collected fees, completed biometrics, and conducted Plaintiffs' combined I-130 / I-485 interview on or about February 12, 2025, at the USCIS Orlando Field Office. Since that interview, now more than sixteen months ago, USCIS has issued no decision on either the I-130s or the I-485s, no request for evidence, no notice of intent to deny, and no further communication of any kind. Plaintiffs' applications remain in a state of indefinite administrative limbo.

**3.** Plaintiffs presented themselves at the San Ysidro Port of Entry on April 7, 2022, after fleeing Ukraine in the early weeks of the Russian invasion. The next day, April 8, 2022, they were paroled into the United States under the Immigration and Nationality Act ("INA") § 212(d)(5), 8 U.S.C. § 1182(d)(5), on humanitarian grounds. Notices to Appear were issued the same day but never filed with any immigration court, and no removal proceedings have ever been initiated. Plaintiffs subsequently applied for and were granted Temporary Protected Status; renewal applications remain pending. They have at all times maintained lawful presence and complied with every condition of their release.

**4.** USCIS has violated its own binding regulation. 8 C.F.R. § 245.2(a)(5)(i) mandates that an applicant for adjustment of status "shall be notified of the decision of the director and, if the application is denied, the reasons for the

denial." Section 1154(b) of the INA separately provides that, "after an investigation of the facts in each case," the Attorney General "shall" approve an immediate-relative petition if the beneficiary is an immediate relative under 8 U.S.C. § 1151(b) and the facts stated in the petition are true. 8 U.S.C. § 1154(b). And 5 U.S.C. § 555(b) provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." Defendants have, for more than sixteen months following Plaintiffs' interview, refused to issue any decision under any of these mandatory provisions. The Eleventh Circuit has held that "[e]ven when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations," and that such violations are reviewable notwithstanding 8 U.S.C. § 1252(a)(2)(B)(ii). *Kurapati v. U.S. Bureau of Citizenship & Immigration Services*, 775 F.3d 1255, 1262 (11th Cir. 2014) (quoting *Fla. Dep't of Bus. Regulation v. U.S. Dep't of Interior*, 768 F.2d 1248, 1257 n.11 (11th Cir. 1985)); *Kanapuram v. Director, USCIS*, 131 F.4th 1302, 1310 (11th Cir. 2025). The APA accordingly authorizes this Court to compel Defendants to comply with these mandatory duties. 5 U.S.C. § 706(1).

5. On May 21, 2026, USCIS issued Policy Memorandum PM-602-0199, which recharacterizes adjustment of status under INA § 245, 8 U.S.C. § 1255, as "an Extraordinary Relief" and a matter of "Administrative Grace," subject to

heightened discretionary scrutiny, and directs adjudicators to favor consular processing in the country of origin as the default pathway. PM-602-0199 was promulgated without notice and comment and has been operationally deployed to suspend pending adjustment adjudications, including Plaintiffs'. PM-602-0199 is itself unlawful, as a final agency action that is arbitrary, capricious, contrary to law, and procedurally infirm under 5 U.S.C. §§ 553, 706.

**6.** Plaintiffs accordingly seek declaratory and injunctive relief compelling Defendants to adjudicate Plaintiffs' Forms I-130 and Forms I-485 within thirty days; a declaration that PM-602-0199 is unlawful as applied to Plaintiffs; and an order enjoining Defendants from further withholding adjudication on any categorical basis not authorized by statute or regulation.

## JURISDICTION AND VENUE

**7.** This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including the Immigration and Nationality Act, 8 U.S.C. §§ 1101 et seq., and the Administrative Procedure Act, 5 U.S.C. §§ 551 et seq.

**8.** Judicial review is available under the APA, 5 U.S.C. §§ 702 and 704. Plaintiffs challenge agency action unlawfully withheld within the meaning of 5 U.S.C. § 706(1), namely, Defendants' refusal to issue decisions on Plaintiffs' Forms

I-130 and I-485 in violation of their own binding regulations and the APA's reasonable-time command. Plaintiffs separately challenge Policy Memorandum PM-602-0199 as final agency action that is arbitrary, capricious, contrary to law, and promulgated without compliance with 5 U.S.C. § 553. Sovereign immunity is waived under 5 U.S.C. § 702 for claims seeking non-monetary relief.

9. Plaintiffs' claims fall within the regulatory-violation exception to 8 U.S.C. § 1252(a)(2)(B)(ii) that the Eleventh Circuit expressly preserved in *Kanapuram*, 131 F.4th at 1310. The *Kanapuram* panel held that "§ 1255(a)'s commitment of status adjustments to agency discretion" does not "necessarily constitute[] a blanket bar on all legal challenges pursuant to § 1252(a)(2)(B)(ii)," and that "were USCIS to violate its own binding regulations in processing visa applications, those actions might be reviewable." *Id. Kanapuram* further explained the doctrinal basis: "an agency lacks the discretion to decline to follow such regulations." *Id.* That reasoning built on binding Eleventh Circuit precedent in *Kurapati*, 775 F.3d at 1262, which held that "[e]ven when a decision is committed to agency discretion, a court may consider allegations that an agency failed to follow its own binding regulations" (quoting *Fla. Dep't of Bus. Regulation*, 768 F.2d at 1257 n.11).

**10.** Plaintiffs allege that Defendants have violated their own binding regulation, 8 C.F.R. § 245.2(a)(5)(i), which mandates that an applicant for adjustment of status "shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." Defendants have, for more than sixteen months following completion of Plaintiffs' adjustment interview, refused to issue any decision, neither approval nor denial nor any further request. That refusal is a violation of 8 C.F.R. § 245.2(a)(5)(i), and it is reviewable under *Kurapati* and the *Kanapuram* exception.

11. *Bourdon v. Department of Homeland Security*, 940 F.3d 537 (11th Cir. 2019), does not require a different result. The *Bourdon* panel expressly preserved *Kurapati*'s application to other statutory contexts. *See id.* at 559 n.7 ("We do not mean to suggest that our reasoning in *Kurapati* cannot apply to any other contexts, beyond the work-visa one considered in *Kurapati*; we hold only that the rationale cannot extend to this situation because the Adam Walsh Act shields the Secretary's decision-making process from judicial review."). *Bourdon* confined its holding to the Adam Walsh Act, 8 U.S.C. § 1154(a)(1)(A)(viii)(I), which uses the "forceful phrase 'sole and unreviewable discretion.'" *Id.* at 545. The *Bourdon* panel further recognized that "[a] grant of 'sole' discretion is among the strongest known to the law." *Id.* (quoting *Bremer v. Johnson*, 834 F.3d 925, 931 (8th Cir. 2016)). Section 1255(a) does not use that language. It grants discretion "in

his discretion and under such regulations as he may prescribe," i.e., language that expressly contemplates and incorporates the constraint of binding regulations. Plaintiffs' claims are therefore controlled by *Kurapati*, not by *Bourdon*.

**12.** Neither *Patel v. Garland*, 596 U.S. 328 (2022), nor *Bouarfa v. Mayorkas*, 145 S. Ct. 5 (2024), bars these claims. *Patel* addressed 8 U.S.C. § 1252(a)(2)(B)(i)'s bar on review of "any judgment regarding the granting of relief," and Plaintiffs do not challenge any judgment, because Defendants have refused to enter one. *Bouarfa* addressed § 1252(a)(2)(B)(ii) as applied to a completed discretionary I-130 revocation under 8 U.S.C. § 1155, and Plaintiffs do not challenge any completed agency action. Both decisions address the unreviewability of agency choices *made*. Plaintiffs challenge Defendants' refusal *to make* any choice at all, in violation of the agency's own binding regulations and Congress's mandatory commands.

**13.** In the alternative, the factual record independently distinguishes this case from *Kanapuram*. Plaintiffs' I-485 applications are based on an immediate-relative I-130 (8 U.S.C. § 1151(b)(2)(A)(i)). There is no statutory visa cap, no priority-date wait, and no retrogression mechanism on which Defendants can rely to characterize the delay as a permitted exercise of process discretion. The substantive adjustment interview was completed on February 12, 2025; Defendants

have all evidence necessary to adjudicate. The challenged conduct is a refusal to take any final action, not a permitted exercise of process discretion.

**14.** Venue is proper in this District under 28 U.S.C. § 1391(e) because (a) Plaintiffs reside within Orange County, Florida, which lies within the Orlando Division of this District; (b) USCIS conducted the Form I-130 / I-485 interview at its Orlando Field Office, located at 6680 Corporate Centre Blvd., Orlando, Florida 32822; and (c) USCIS continues to withhold adjudication of Plaintiffs' applications within this District. Assignment to the Orlando Division is appropriate under Local Rule 1.04.

## PARTIES

**15.** Plaintiff **Anastasiia Oleksandrivna Barnes** is a native and citizen of Ukraine, born in 1994. She presented herself at the San Ysidro Port of Entry on April 7, 2022, and was paroled into the United States under INA § 212(d)(5), 8 U.S.C. § 1182(d)(5), on April 8, 2022, with parole valid through April 7, 2023. She is the spouse of Jonathan Barnes, a citizen of the United States, who has filed a Form I-130 immediate-relative petition on her behalf. She has at all times maintained lawful presence (including a pending Temporary Protected Status renewal application) and complied with all immigration laws and conditions. She resides within the Middle District of Florida.

**16.** Plaintiff **E.D.M.** is a minor child, native and citizen of Ukraine, born in 2018, daughter of Anastasiia Oleksandrivna Barnes and stepdaughter of Jonathan Barnes. She was paroled into the United States with her mother on April 8, 2022, under INA § 212(d)(5), 8 U.S.C. § 1182(d)(5). She is the beneficiary of a Form I-130 immediate-relative petition filed by Jonathan Barnes as her stepfather. She brings this action by and through her mother and next friend, Anastasiia Oleksandrivna Barnes. Pursuant to Federal Rule of Civil Procedure 5.2(a)(3), E.D.M.'s full name and date of birth are not stated in this public filing.

**17.** At the time of the marriage of Anastasiia Oleksandrivna Barnes and Jonathan Barnes on June 13, 2023, E.D.M. was five years of age. She accordingly qualifies as Jonathan Barnes's "child" for immediate-relative petition purposes under 8 U.S.C. § 1101(b)(1)(B), which defines "child" to include a stepchild whose qualifying marriage occurred before the child reached age eighteen.

**18.** Defendant **Joseph B. Edlow** is the Director of U.S. Citizenship and Immigration Services ("USCIS"). He is sued in his official capacity.

**19.** Defendant **Markwayne Mullin** is the Secretary of the Department of Homeland Security. He is sued in his official capacity. As Secretary, he exercises ultimate authority over the policies and personnel of DHS components, including USCIS.

**20.** Defendant **Sarah Kendall** is the Acting Associate Director, Field Operations Directorate of USCIS. She is sued in her official capacity. The Field Operations Directorate has supervisory authority over the USCIS Orlando Field Office and its adjudication of Plaintiffs' applications.

**21.** Defendant **Director of the Orlando Field Office of USCIS** is sued in his or her official capacity. The Orlando Field Office is the USCIS field office with direct jurisdiction over Plaintiffs' Forms I-130 and I-485 and has, since the February 12, 2025 interview, failed to issue any decision on those applications.

**22.** Defendant **Todd Blanche** is the Acting Attorney General of the United States. He is sued in his official capacity.

## STATUTORY AND REGULATORY FRAMEWORK

### *A. The I-130 Immediate-Relative Petition.*

23. Section 204 of the Immigration and Nationality Act, 8 U.S.C. § 1154(b), governs the adjudication of immediate-relative petitions filed under § 1154(a)(1)(A)(i). It provides that, "[a]fter an investigation of the facts in each case … the Attorney General *shall*, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative … approve the petition." 8 U.S.C. § 1154(b) (emphasis added). The

Supreme Court has confirmed that initial I-130 adjudication is materially distinct from discretionary revocation under § 1155 and contains mandatory features. *See Bouarfa*, 145 S. Ct. at 9. The duty to *investigate and decide* the petition is non-discretionary, even though the substantive determination of immediate-relative status is committed to agency expertise.

***B. Adjustment of Status.***

**24.** Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255(a), authorizes certain noncitizens lawfully present in the United States to apply for adjustment to lawful permanent resident status. Spouses and children of U.S. citizens fall within the "immediate relative" category, 8 U.S.C. § 1151(b)(2)(A)(i), which is not subject to numerical limitation or visa retrogression. Immediate relatives are also exempt from the principal status-related bars to adjustment under 8 U.S.C. § 1255(c).

25. USCIS's regulations make adjudication mandatory. Under 8 C.F.R. § 245.2(a)(5)(i), the applicant "shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." The APA independently imposes a duty to act: "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). This District has held that, with respect to an I-485 application, USCIS "has a non-discretionary duty to act on

an application, a discretionary duty as to the pace of processing the application, and a non-discretionary duty to adjudicate an application." *Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1205 (M.D. Fla. 2007). Whatever discretion USCIS retains as to pace is exhausted once the agency has completed its interview and gathered the record; the non-discretionary duty to adjudicate then attaches.

***C. The 2025 USCIS Treatment of Humanitarian Parolees.***

**26.** In or about February 2025, USCIS issued internal guidance suspending the adjudication of immigration benefits applications filed by individuals paroled into the United States under the Uniting for Ukraine, CHNV, Operation Allies Welcome, Central American Minors, Family Reunification Parole, and Military Parole-in-Place programs. Although Plaintiffs were paroled under the general humanitarian parole authority of 8 U.S.C. § 1182(d)(5), rather than under one of these named programs, USCIS's broader treatment of humanitarian parolees during this period coincides with the indefinite freeze of Plaintiffs' applications post-interview.

**27.** On May 28, 2025, the U.S. District Court for the District of Massachusetts in *Svitlana Doe v. Noem*, No. 1:25-cv-10495 (D. Mass.), certified a class and ordered USCIS to resume nationwide processing of immigration benefits applications filed by individuals paroled under those programs. On June 9, 2025,

USCIS publicly confirmed that it would resume adjudication. The court order does not directly bind USCIS as to Plaintiffs, but it reflects the federal courts' recognition that categorical, indefinite suspensions of adjudication for humanitarian parolees are unlawful.

***D. Policy Memorandum PM-602-0199.***

28. On May 21, 2026, USCIS issued Policy Memorandum PM-602-0199, entitled "Adjustment of Status is a Matter of Discretion and Administrative Grace, and an Extraordinary Relief that Permits Applicants to Dispense with the Ordinary Consular Visa Process." PM-602-0199 characterizes adjustment of status under INA § 245, 8 U.S.C. § 1255, as "an Extraordinary Relief" and a matter of "Administrative Grace," and directs adjudicators to apply heightened discretionary scrutiny and to favor consular processing in the country of origin as the default pathway. PM-602-0199 issued nationwide and is binding on all USCIS adjudicators, including officers at the Orlando Field Office. A copy of PM-602-0199 is attached as Exhibit A and incorporated herein.

**29.** PM-602-0199 was issued without notice or opportunity for comment. It bears the hallmarks of a substantive rule: it alters legal rights, imposes new criteria, marks the consummation of USCIS's decision-making process on adjudicative posture as to all pending I-485 applications, and from it legal

consequences flow. Defendants have operationally deployed PM-602-0199 to suspend adjudication of pending adjustment applications, including Plaintiffs'. The temporal coincidence of PM-602-0199's issuance with the continued indefinite non-adjudication of Plaintiffs' interview-ready applications supports the inference that PM-602-0199 is the operative cause of the agency's continued refusal to act.

## FACTUAL ALLEGATIONS

### *A. Plaintiffs' Entry and Lawful Presence.*

**30.** Anastasiia and her minor daughter E.D.M. fled Ukraine in the early weeks of the Russian invasion. On April 7, 2022, they presented themselves at the San Ysidro Port of Entry. The next day, April 8, 2022, they were paroled into the United States under INA § 212(d)(5), 8 U.S.C. § 1182(d)(5), on humanitarian grounds. Their parole was valid through April 7, 2023.

**31.** Notices to Appear were issued contemporaneously with the grant of parole but were never filed with any immigration court. No removal proceedings have ever been initiated against either Plaintiff, and no immigration judge has ever exercised jurisdiction over their cases. Counsel has confirmed the absence of pending removal proceedings through the EOIR Automated Case Information system. USCIS has at all relevant times retained exclusive jurisdiction over Plaintiffs' Forms I-485 under 8 C.F.R. § 245.2(a)(1).

**32.** Both Plaintiffs timely applied for Temporary Protected Status ("TPS") following the U.S. designation of Ukraine, were granted TPS, and have pending renewal applications. As immediate relatives of a U.S. citizen, Plaintiffs are also exempt from the principal status-related bars to adjustment under 8 U.S.C. § 1255(c)(2).

**33.** On June 13, 2023, Anastasiia married Jonathan Barnes, a citizen of the United States. The marriage is bona fide and has been verified to USCIS through extensive supporting documentation.

***B. The October 10, 2023 Adjustment Filings.***

**34.** On October 10, 2023, Jonathan Barnes filed Form I-130, Petition for Alien Relative, on behalf of Anastasiia as the immediate-relative spouse of a U.S. citizen (8 U.S.C. § 1151(b)(2)(A)(i)), and a separate Form I-130 on behalf of E.D.M. as a stepchild qualifying under 8 U.S.C. § 1101(b)(1)(B). Concurrently, Anastasiia and E.D.M. filed Forms I-485 for adjustment of status, supported by Forms I-693 (medical examination), I-864 (affidavit of support), I-765 (employment authorization application), and I-131 (advance parole application), as well as all required supporting evidence.

**35.** USCIS accepted jurisdiction over each filing and issued Forms I-797C Notice of Action confirming receipt. Anastasiia's I-485 was assigned receipt

number IOE0922679598 (USCIS Alien Number redacted for privacy pursuant to Federal Rule of Civil Procedure 5.2(e)). E.D.M.'s I-485 was assigned receipt number IOE0922679593. Each application carries a priority date of October 10, 2023. The Forms I-130 and the Forms I-131 also remain pending and unadjudicated.

***C. The February 12, 2025 Combined Interview.***

**36.** On January 14, 2025, USCIS issued Form I-797C, Request for Applicant to Appear for Initial Interview, scheduling the combined I-130 / I-485 interview for Wednesday, February 12, 2025, at 9:30 a.m. at the USCIS Orlando Field Office, 6680 Corporate Centre Blvd., Orlando, Florida 32822. The interview was scheduled to address both the I-130 petitions and the I-485 applications in a single proceeding.

**37.** Anastasiia and Jonathan Barnes timely appeared at the Orlando Field Office for the interview and cooperated fully with the adjudicator. They produced original civil documents, additional evidence of the bona fides of the marriage, and answered all questions. USCIS made no oral or written request for additional evidence at or following the interview. The interviewing officer did not place the case on "continued" status pending any further submission.

***D. Sixteen Months of Silence.***

**38.** Between February 12, 2025 and the date of this filing, USCIS has issued no decision on either the Forms I-130 or the Forms I-485. USCIS has issued no Request for Evidence, no Notice of Intent to Deny, no decision letter, and no communication of any kind regarding the substance or pace of the adjudication.

**39.** Plaintiffs and their counsel have made multiple inquiries through the USCIS Contact Center and Case Status Online. Each inquiry has produced the same generic response indicating that the case remains "in progress" without identifying any pending step, any standard, or any anticipated decision date.

***E. The Operative Cause: Categorical Holds.***

**40.** The only plausible explanation for Defendants' sixteen-month silence is the imposition of one or more categorical holds operating to suspend adjudication of Plaintiffs' applications. The most recent such hold is Policy Memorandum PM-602-0199, which was issued on May 21, 2026 and which, as alleged above, has been operationally deployed to suspend pending adjustment adjudications by reclassifying § 245 adjustment as "extraordinary relief" and favoring consular processing as the default pathway.

**41.** PM-602-0199 and any related internal directive operate to violate 8 C.F.R. § 245.2(a)(5)(i)'s mandatory "shall be notified" command. The Memorandum was issued without notice or opportunity for comment, lacks

reasoned basis, conflicts with Congress's mandatory adjudicatory framework, and is arbitrary and capricious.

***F. Concrete Harm to Plaintiffs.***

**42.** The continued withholding of adjudication has caused and continues to cause Plaintiffs concrete, irreparable harm. Under 8 C.F.R. § 245.2(a)(4)(ii), departure from the United States by an adjustment applicant not in removal proceedings is generally deemed an abandonment of the application absent valid advance parole. Anastasiia therefore cannot travel internationally, including to see family in Ukraine during the ongoing armed conflict, without abandoning her adjustment application and the immigration benefits at issue in this lawsuit. She cannot exercise the full range of rights associated with lawful permanent residence. She cannot petition for additional family members. She cannot make basic long-term decisions concerning employment, housing, and education for herself and E.D.M.

**43.** Anastasiia's and E.D.M.'s TPS renewal applications remain pending. Although immediate relatives are exempt from the principal § 1255(c)(2) status-related bars, a lapse or denial of TPS during the continuing non-adjudication will deepen Plaintiffs' practical vulnerability, including loss of work authorization, and compound the family-unity and emotional harms caused by the agency's silence.

The uncertainty creates ongoing emotional distress for Anastasiia, E.D.M., and Jonathan Barnes, and undermines the stability of an intact, lawfully constituted family.

## CAUSES OF ACTION

### COUNT I

### APA — Agency Action Unlawfully Withheld in Violation of Binding Duties to Adjudicate

### (5 U.S.C. §§ 555(b), 706(1); 8 U.S.C. § 1154(b); 8 C.F.R. § 245.2(a)(5)(i))

### (Against All Defendants)

**44.** Plaintiffs reallege and incorporate by reference paragraphs 1 through 43 as if fully set forth herein.

45. Defendants are subject to three independent, non-discretionary duties to decide Plaintiffs' applications. First, 8 C.F.R. § 245.2(a)(5)(i) is a binding regulation duly promulgated pursuant to 8 U.S.C. § 1255(a) and provides that the applicant "shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." Second, 8 U.S.C. § 1154(b) provides that, "after an investigation of the facts in each case," the agency "shall" approve an immediate-relative petition if the statutory criteria are met, which is a command that necessarily presupposes a duty to investigate and decide. Third, the APA

provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b).

**46.** Defendants have violated all three. The adjustment interview was conducted more than sixteen months ago. Defendants have issued no decision on either the Forms I-130 or the Forms I-485, no Request for Evidence ("RFE"), no Notice of Intent to Deny ("NOID"), and no further communication. Defendants have identified no pending procedural step that remains. Defendants are simply not following the mandatory commands.

47. Defendants' violation of their own binding regulation is reviewable under the APA notwithstanding 8 U.S.C. § 1252(a)(2)(B)(ii). *See Kanapuram*, 131 F.4th at 1310; *Kurapati*, 775 F.3d at 1262; *see also Gonzalez v. Reno*, 212 F.3d 1338, 1349 (11th Cir. 2000) ("Agencies must respect their own procedural rules and regulations."); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974) (agency "must comply, at a minimum, with its own internal procedures"); *Fla. Dep't of Bus. Regulation*, 768 F.2d at 1257 n.11. The APA empowers this Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

**48.** Defendants' continued refusal to issue a decision is not a permitted exercise of process discretion within INA § 245(a), 8 U.S.C. § 1255(a). Even on the broadest reading of *Kanapuram*, an agency lacks the discretion to disregard a

binding regulation that uses mandatory "shall" language, or to refuse altogether to comply with the duty Congress imposed in § 1154(b). The factual record, i.e., interview complete, no RFE, no NOID, no further request, no pending procedural step, confirms that Defendants are not exercising discretion within any process Congress or the agency itself prescribed. They are simply refusing to act.

**49.** Plaintiffs are entitled to an order compelling Defendants to comply with 8 C.F.R. § 245.2(a)(5)(i), 8 U.S.C. § 1154(b), and 5 U.S.C. § 555(b) by adjudicating Plaintiffs' Forms I-130 and Forms I-485 within thirty days and providing written notice of each decision and, if denied, the reasons therefor.

## COUNT II

### APA — Arbitrary, Capricious, and Contrary to Law; Failure to Comply with Notice-and-Comment Rulemaking

### (5 U.S.C. § 553; 5 U.S.C. § 706(2)(A), (C), (D); Policy Memorandum PM-602-0199)

### (Against All Defendants)

**50.** Plaintiffs reallege and incorporate by reference paragraphs 1 through 43 as if fully set forth herein.

**51.** Policy Memorandum PM-602-0199, attached as Exhibit A, is final agency action subject to APA review. It marks the consummation of USCIS's decision-making on the adjudicative posture toward pending adjustment

applications and from it legal consequences flow, namely, the suspension of adjudication of Plaintiffs' and similarly situated applicants' files. 5 U.S.C. § 704.

**52.** PM-602-0199 is arbitrary and capricious. 5 U.S.C. § 706(2)(A). It (a) fails to articulate any reasoned basis for departing from the longstanding agency framework treating § 245 adjustment as a mandatory adjudication based on individualized evidence; (b) does not consider or acknowledge the reliance interests of applicants, including Plaintiffs, who filed under the prior framework; (c) identifies no criteria, timeline, or mechanism for individualized review under its new "extraordinary relief" framing; and (d) conflicts with Congress's mandatory adjudicatory commands and the binding regulation in 8 C.F.R. § 245.2(a)(5)(i).

**53.** PM-602-0199 is also contrary to law. 5 U.S.C. § 706(2)(C). While the substance of an adjustment determination is committed to discretion, 8 U.S.C. § 1255 does not authorize the agency to refuse to adjudicate or to convert a benefit Congress designed for individualized determination into a categorical preference for consular processing through an internal memorandum.

**54.** Defendants issued PM-602-0199 without notice or opportunity for comment. 5 U.S.C. § 553. The memorandum is a substantive rule that alters legal rights and obligations and was not exempt from notice-and-comment rulemaking.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare that Defendants have unlawfully withheld adjudication of Plaintiffs' Forms I-130 and I-485 in violation of 8 C.F.R. § 245.2(a)(5)(i), 8 U.S.C. § 1154(b), and 5 U.S.C. §§ 706(1) and 555(b);

B. Declare that Policy Memorandum PM-602-0199, and any internal policy of similar effect, is unlawful and may not be applied to suspend adjudication of Plaintiffs' applications;

C. Issue a permanent injunction compelling Defendants to adjudicate Plaintiffs' Forms I-130 and Forms I-485 within thirty (30) days of the Court's order, and to notify Plaintiffs of each decision and, if denied, the reasons therefor;

D. Enjoin Defendants from withholding adjudication of Plaintiffs' applications on any categorical basis not authorized by statute or regulation;

E. Award Plaintiffs reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F. Grant such other and further relief as this Court deems just and proper.

Dated: July 06, 2026

Respectfully submitted,

/s/ Laura F. Kelley

Laura F. Kelley, Esq.
FL Bar #122047
LFK Immigration PA
8200 NW 41st St. Ste 200
Doral, FL 33166
Tel.: (305) 363-2844
Fax: (305) 808-3289
Laura@LFKimmigration.com
*Lead Counsel for Plaintiffs*

## PLAINTIFFS' INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| **A** | USCIS Policy Memorandum PM-602-0199 (May 21, 2026) |
| **B** | Marriage Certificate of Jonathan Barnes and Anastasiia Oleksandrivna Barnes (June 13, 2023) |
| **C** | Form I-797C, Notice of Action — Receipt for Form I-130 (filed October 10, 2023) |
| **D** | Form I-797C, Notice of Action — Receipt for Form I-485, Anastasiia O. Barnes (filed October 10, 2023) |
| **E** | Form I-797C, Notice of Action — Receipt for Form I-485, E.D.M. (filed October 10, 2023) |
| **F** | Form I-94, Arrival/Departure Record — Anastasiia O. Barnes (parole, April 8, 2022) |
| **G** | Form I-94, Arrival/Departure Record — E.D.M. (parole, April 8, 2022) |
| **H** | USCIS Interview Notice and combined I-130/I-485 interview confirmation (February 12, 2025) |
| **I** | USCIS online case status records (printed 06/04/2026) |
| **J** | USCIS Case Processing Times (printed 06/04/2026) |